# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

JILLIAN HERMAN, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

MD NOW MEDICAL CENTERS, INC.,

    Defendant.

_____/

Case No. _____

[On Removal from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Case No. CACE-24-011627]

## MD NOW MEDICAL CENTERS, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant MD Now Medical Centers, Inc. ("MD Now") hereby removes the above-captioned action, *Jillian Herman, individually and on behalf of all others similarly situated v. MD Now Medical Centers, Inc.*, Case No. CACE-24-011627 (the "State Court Action"), and all claims and causes of action therein, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, with reservation of all defenses and rights.  As shown below, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Pursuant to 28 U.S.C. § 1446(a), MD Now hereby states the following grounds for removal:

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

1.    On or about August 15, 2024, Plaintiff filed a Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-24-011627 (the "Complaint" or


LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA  142 West Platt St., Ste.118 •  Tampa, FL, 33606 • Tel: 813.284.4002

"Compl."). A copy of the Complaint is attached at **Exhibit 2**. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the filings in the State Court Action other than the Complaint, including all process, pleadings, and documents, is attached as **Exhibit 3** and is incorporated by reference.

2. Plaintiff purports to bring this action on behalf of herself and a putative class of "[a]ll persons" whose information was accessed or exfiltrated during a data security incident disclosed by MD Now in August 2024.

3. On August 16, 2024, Plaintiff served MD Now with a copy of the Complaint.

4. In accordance with 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days of the date on which Defendant was served with the Complaint.

II.   **THIS COURT HAS JURIDICTION PURSUANT TO CAFA**

5. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d)(2), because (i) the aggregate number of proposed class members equals or exceeds 100, (ii) the aggregate amount in controversy exceeds $5 million, and (iii) there is minimal diversity, since at least one member of the proposed class, on the one hand, and MD Now, on the other, are citizens of different states. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

6. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Rather, a notice of removal must provide only "a short and plain statement of the grounds for removal" (28 U.S.C. § 1446(a)) that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied (*Dart Cherokee*, 574 U.S. at 89). Thus, while MD Now denies any and all liability as to Plaintiff's claims

2


MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

and denies that this matter should proceed at all, let alone as a class action, CAFA's jurisdictional requirements are satisfied here.

### A. The Proposed Class Exceeds 100 Members

7. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). CAFA further requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

8. Here, Plaintiff sues on behalf "of herself individually" and on behalf of a proposed class consisting of "[a]ll persons whose [personal information] was accessed or exfiltrated" during the security incident, pursuant to the Florida class action statute, Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).[1] Further, the Complaint alleges a proposed class whose numbers far exceed 100. According to the Complaint, the proposed class does not contain any geographic limits[2] and expressly encompasses "several thousand persons."[3] A similar putative nation-wide class action lawsuit has been filed based upon the same events as this Action and likewise alleges that the class consists of thousands of individuals, if not more.[4]

### B. The Amount In Controversy Exceeds $5 Million

9. MD Now denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here. Plaintiff's allegations are without merit, and class treatment is

---

[1] Ex. 1, Compl. ¶ 69. MD Now and its employees or agents are excluded from the class. *Id.* ¶ 70.
[2] *See generally id.*
[3] *Id.* ¶¶ 1, 71.
[4] *Pagan v. MD Now Medical Centers, Inc.*, Case No. CACE-24-011958, Filing No. 205240002, ("*Pagan* Complaint") Complaint ¶ 169.



not appropriate. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

10. According to the Complaint, "the aggregate damages sustained by the Class are in the *millions of dollars*."[5] (emphasis added). Moreover, the Complaint alleges that Plaintiff and proposed class members are incurring and will continue to incur damages for "constant surveillance of their financial and personal records, monitoring, and loss of rights . . . . in addition to any fraudulent use of their PHI," as well as for "protective measures such as identity theft protection and credit monitoring fees (for any credit monitoring obtained in addition to or in lieu of the inadequate monitoring offered by Defendant), credit report fees, credit freeze fees, and similar costs directly or indirectly related to the Data Breach Incident."[6]

11. The advertised monthly rates of credit monitoring services provided by the three national credit-reporting bureaus range from $16.95 to $19.95 per month at Equifax, $29.95 per month at TransUnion, and $24.99 per month at Experian. *See* **Exhibit 4**, which includes true and correct copies of excerpts from the websites of the three national credit-reporting bureaus as of September 2024. Based on Plaintiff's assertion of class-wide damages based on the purchase of identity protection and restoration services, even applying the lowest advertised rate among any of the three national credit-reporting bureaus of $16.95 per month, the Complaint places over $800,000 in controversy solely for two years of identity protection and restoration services alone, assuming there are at a minimum 2,000 class members (Plaintiff has alleged "thousands" without

---

[5] Compl. ¶ 12.
[6] *Id.* ¶¶ 51, 62.

4


MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002
LASHGOLDBERG.COM

further detail[7]). Plaintiff also alleges that these fees will be incurred by Plaintiff and the alleged class members potentially for "the remainder of their lifetimes."[8] As such, the amount of damages sought for credit monitoring alone could exceed millions of dollars and is sufficient to establish CAFA jurisdiction.

12. The Complaint also claims additional damage to Plaintiff and the proposed class members, including "damage to or depreciation of their PHI when it was acquired by the cyber thieves in the Data Breach Incident," various "out-of pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach Incident," and "mental anguish and stress related to the disclosure of [their] PHI, the invasion of [their] privacy, and the threats of identity theft that [they] will continue to endure for years.[9]

13. Further, in the Prayer for Relief, Plaintiff and the proposed class members seek, among other things "an award of damages, including actual, consequential, and nominal damages."[10]

14. The Complaint also seeks equitable relief, including that MD Now:

- "implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the personal identifying information of Plaintiff and Class Member's personal identifying Information;"

- "delete, destroy, and purge the personal identifying information of Plaintiff and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class Members;"

---

[7] *Id.* ¶¶ 1, 71.
[8] *Id.* ¶¶ 62, 65.
[9] *Id.* ¶¶ 63, 65, 67.
[10] *Id.* at Prayer for Relief(d).

5



LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 •  Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA  142 West Platt St., Ste.118 •  Tampa, FL, 33606 • Tel: 813.284.4002

- "engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis;" and

- "engage independent third-party security auditors and internal personnel to run automated security monitoring."[11]

The value to Plaintiff and the proposed class of this requested equitable relief must also be included in assessing the amount in controversy and is further evidence CAFA's jurdictional threshold is satisfied. *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014).

15. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 547 U.S. at 89; *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("[A]ll that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. That is the end of the matter, unless the plaintiff contests, or the court questions, the defendant's allegation.") (alterations, internal quotation marks, and citation omitted). Given that the potential class encompasses thousands of individuals, and that Plaintiff seeks various forms of recovery for all of them, MD Now has met its burden in showing that the amount in controversy as alleged exceeds $5 million.

### C. There is Minimal Diversity Among the Parties

16. Finally, minimal diversity exists, as members of the proposed class are citizens of "a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). According to the Complaint, Plaintiff is a citizen of the State of Florida.[12] MD Now is a Florida corporation with its principal

---

[11] *Id.* at Prayer for Relief(c).

[12] In addition, Plaintiff effectively propose a nationwide class other purported class members must be from states other than Florida or Tennessee. *See* 28 U.S.C. § 1332(d)(2)(A).

6


MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

place of business in Tennessee.[13]  As a result, MD Now is considered a citizen of both Florida and Tennessee for jurisdictional purposes.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *see also Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 957 (6th Cir. 2017) (holding that 28 U.S.C. § 1332(d)(2)(A) incorporates dual citizenship for corporations); *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344-46 (11th Cir. 2017) (same); *Johnson v. Advance Am.*, 549 F.3d 932, 935-36 (4th Cir. 2008) (same).

17.  While Plaintiff is a citizen of Florida, the proposed class is not limited to individuals in Florida; rather, it includes "[a]ll persons whose PHI was accessed and/or exfiltrated during the Data Breach Incident."  Compl. ¶ 69.  It is clear that citizens outside of Florida are therefore contemplated as members of the proposed class.  This is further evidenced by the fact that a similar complaint filed against MD Now related to the same alleged "Data Breach Incident" was brought by a citizen of the State of Connecticut.[14]  The Plaintiff in that action would be a member of the Complaint's proposed nationwide class.  Thus, the diversity requirement is satisfied.

### D.  The Remaining Requirements of the Removal Statute Are Met

18.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a) because the U.S. District Court for the Southern District of Florida is the federal judicial district embracing Broward County, Florida, where the State Court Action was originally filed.

19.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court clerk.

---

[13] *See* Compl. ¶ 15.
[14] *See Pagan* Complaint ¶ 15.

7


MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

20. MD Now has not attempted to remove this Action previously.

21. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

### III.   CONCLUSION

22. Based upon the foregoing, MD Now hereby removes this Action from the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated: September 14, 2024

Respectfully submitted,

*/s/ Martin B. Goldberg*
**Martin B. Goldberg**
Florida Bar No. 827029
Primary:  mgoldberg@lashgoldberg.com
Secondary: rdiaz@lashgoldberg.com
**Lynnette Cortes Mhatre**
Florida Bar No. 1052015
Primary:  lmhatre@lashgoldberg.com
Secondary: obencomo@lashgoldberg.com
LASHGOLDBERG
Lash Goldberg Fineberg LLP
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL 33131-2158
Phone: (305) 347-4040
Fax: (305) 347-3050

8


LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 •  Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA  142 West Platt St., Ste.118 •  Tampa, FL, 33606 • Tel: 813.284.4002